## COOPER & BURNS v. N. PENNINGTON ET AL.

**Appeal—Presumption—Pleadings.**

Where the original answer was demurrable, and the demurrer thereto was overruled, and an amended answer was filed, but not brought into the record, the Court of Appeals will presume that it cured the defects in the original answer and constitutes a valid defense.

**Alteration of Instruments—Erasure—Release of Obligors.**

Where a contract placed in the hands of a third person and delivered to the obligee, was, before delivery to the obligee, materially altered by erasing certain portions without the knowledge or consent of the obligors, such alteration operated as the release of the obligors.

APPEAL FROM ELLIOTT CIRCUIT COURT.

April 7, 1874.

OPINION BY JUDGE HARDIN:

If it be true, as is contended by the appellants, that the demurrer to the original answer should have been sustained, yet, as it appears that an amended answer was filed at the time of the trial, and this last pleading is not copied into the record, this court must presume that it was such as to cover the defects of the original answers, and with it, constitute a valid defense.

As to the proof of Horton's statements, it appears to have been excluded by the court.

The only important question presented is whether or not the court properly instructed the jury to the effect that if, after the contract had been signed by the several obligors, including Redwine and Jasuell, and was in the hands of Horton for delivery to the appellants, it was, without their knowledge and approval, altered by the erasures of part of the subscribed names, that alteration rendered the obligations of the appellees void. It does not certainly appear that Horton was in any legal sense the agent of the appellants, so that the appellees' contract could have been completed by its simple delivery to him; and as he was entrusted with it for the purpose of delivering it to the appellants, if previous to delivering it he had made the erasures, without their knowledge, we are not prepared to say, in view of the authorities touching the question, that the appellees would not have remained bound

by the writing; but if, as is hypothetically submitted to the jury, and is in fact proven by one of the appellants, Horton, before delivering the obligation, made the erasures without the knowledge, authority, or consent of the appellees, we are clearly of the opinion that the alterations operated to release them according to principles well settled by this court.

Wherefore the judgment is affirmed.

*Cooper & Burns, for appellants.*

*J. R. Botts, for appellees.*